# Dils v. Commonwealth, For Use of Cinda Hackney.

(Decided November 15, 1921.)

## Appeal from Pike Circuit Court.

Bastards—Bastardy Proceeding—Verdict—Sufficiency of Evidence. —Where, in a bastardy proceeding, the prosecuting witness testified that she had intercourse with the defendant about one hundred and ninety days before the birth of the child but admitted that she had intercourse with another man about two hundred and thirty days before the child was born and that her menstrual period never occurred thereafter though one was due before she had intercourse with the defendant, a verdict that the defendant was the father of the child is flagrantly against the evidence.

STRATTON & STEPHENSON for appellant.

CHAS. I. DAWSON, Attorney General, and O. A. STUMP for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

John A. Dils appeals from a judgment rendered in a bastardy proceeding brought against him by Cinda Hackney, finding him to be the father of her child and requiring him to pay the sum of four hundred dollars in yearly installments.

The principal ground urged for reversal is that the verdict of the jury is flagrantly against the evidence.

The prosecuting witness testified that the child was begotten by Dils about the last of September, 1916, and that the child was born April 2, 1917. She admitted on cross-examination that she had had intercourse twice with another man about the middle of August, 1916; that this occurred about the time of her menstrual period and that she was never sick any more after that time. The physician who attended her at the birth of the child says that the child was slightly premature when born. He further testified that children born within seven or eight months after they are begotten frequently live. Assuming that the prosecutrix had intercourse with appellant on September 25, 1916, the child was born within a period of one hundred and ninety days or slightly over six months. Not only so, but the prosecutrix admits that she had intercourse with another man about August 15, and that her menstrual period never occurred again. That being true her menstrual period must have occurred before August

15 and another period would have been due before she had intercourse with appellant. Furthermore, the child was born two hundred and thirty days or more after she had intercourse with the other man. Viewing the case in the light of the fact that the length of time which elapsed after the intercourse with appellant was so short as to make it highly improbable, if not impossible, for him to have begotten the child, and that her intercourse with the other man occurred at a time when the child could have been begotten by him, and there was no recurrence of her menstrual period after that time, we conclude that the finding of the jury is flagrantly against the evidence.

Judgment reversed, with cause remanded for a new trial, consistent with this opinion.